**E-FILED**
Friday, 04 August, 2006  02:55:39 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-30040 |
| | ) | |
| ROBERT A. HEARN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Robert A. Hearn's

Motion in Limine to Exclude Evidence of Prior Convictions Pursuant to

Fed. R. Evid. 609 (d/e 15).  Hearn is charged in a one-count Indictment (d/e

1) with possession with intent to distribute five or more grams of a mixture

or substance containing cocaine base (crack) in violation of 21 U.S.C. §

841(a)(1) & (b)(1)(B).  Hearn has filed the instant Motion in Limine in

which he seeks an order barring the Government from introducing evidence

of his prior felony convictions to impeach his credibility pursuant to Fed. R.

Evid. 609 should he elect to testify at trial.  As set forth below, the Motion

is allowed, in part.  The Government is barred from impeaching Hearn with

any evidence of his 2003 felony escape conviction, should he elect to testify at trial.  The Motion is denied in all other respects.

Hearn's Motion identifies three prior felony convictions as follows: a 2003 conviction for delivery of a controlled substance, a 2003 felony escape conviction, and a 1999 felony conviction for possession of a controlled substance.[1]   Hearn contends that evidence of his 2003 conviction for delivery is inadmissible under Rule 609(a)(1) because it is unduly prejudicial.  Hearn further asserts that admission of evidence of only one prior conviction would be sufficient on the issue of credibility.

Federal Rule of Evidence 609 provides that evidence that an accused has been convicted of a crime punishable by death or imprisonment in excess of one year shall be admitted for the purpose of attacking credibility "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."  Fed. R. Evid. 609(a)(1).[2] Therefore, the Court must consider whether the probative value of

---

[1]In ¶ 4, the Government's Response in Opposition to Defendants' Motion in Limine to Exclude Evidence of Prior Convictions (d/e 16) references a 1996 conviction. There is however no indication as to what type of conviction this was.  Moreover, because Defendant does not raise a 1996 conviction in his Motion in Limine, the Court need not address it.

[2]The Court notes that Hearn's prior convictions are less than ten years old, taking the case outside of the special provisions of Rule 609(b).

admitting evidence of Hearn's prior convictions outweighs their prejudicial effect.

> The Seventh Circuit has recognized that
>
> [i]n determining whether the probative value of admitting a prior conviction outweighs its prejudicial effect, the court should consider: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue."

United States v. Gant, 396 F.3d 906, 909 (7th Cir. 2005) (quoting Rodriguez v. United States, 286 F.3d 972, 983 (7th Cir. 2002)).  After considering these factors with respect to each of the three identified prior convictions, the Court concludes that the probative value of Hearn's prior escape conviction does not outweigh its prejudicial effect.  However, the Court finds that the 1999 and 2003 drug offenses are admissible under Rule 609.  Should Hearn elect to testify at trial, the Government is barred from impeaching him with any evidence of his 2003 felony escape conviction.

Turning to the prior felony drug convictions, the Court must first consider the impeachment value of the prior crimes.  The Court recognizes that, in general, prior felonies have some probative value on the issue of credibility.  However, the Court notes that Hearn's controlled substance

convictions were not <u>crimen</u> <u>falsi</u>, such as perjury, subornation of perjury,

false statement, criminal fraud, or the like.  However, in light of the nature

of Hearn's anticipated testimony, as set forth below, these convictions have

particular impeachment value.[3]  Thus, the Court finds that the first factor

weighs in favor of admission of evidence of the drug convictions.

The Court must then consider the point in time of the prior conviction

and the defendant's subsequent history.  This second factor weighs in favor

of admissibility because the dates are recent.  Indeed, the record reflects that

Hearn had been released on parole for the 2003 offense for only about three

months prior to the conduct at issue in the instant case.  <u>Government's</u>

<u>Notice of Intention to Use Other Crimes, Wrongs, or Acts Evidence and</u>

<u>Statements Given by the Defendant (d/e 11)</u>, ¶ 2.

The third factor that the Court must consider is the similarity between

the past crimes and the charged crime.  Clearly, this factor weighs against

admissibility with respect to the drug offenses.  Hearn's prior convictions

---

[3]In a separate Motion in Limine to Preclude Statements (d/e 14) Defendant stated
that he may testify that a proffer he gave to the Government, in which he admitted he
had possessed the specific drugs mentioned in the Indictment, was a lie.  He further
seeks to introduce testimony from his attorney that the attorney had told him he was
likely facing 30 years to life as a career offender if convicted at trial and approximately
22 years if he pled guilty--to show that he had a powerful incentive to confess falsely in
his proffer.

were for delivery of a controlled substance and possession of a controlled substance; he is now charged with possession with intent to distribute five or more grams of a mixture or substance containing cocaine base.  The Court, however, recognizes that, while this is a factor that requires the Court to exercise caution, similarity alone is not controlling on the question of admissibility.  United States v. Hernandez, 106 F.3d 737, 740 (7th Cir. 1997).  Rather it remains one factor that the Court must consider.

The importance of the defendant's testimony is the fourth factor to consider.  The Court recognizes that '[k]nowledge that one's prior convictions will be admitted tends to deter a defendant from testifying; there is an understandable fear that jurors will disregard any limiting instructions that the Court gives and will assume that because the defendant has committed crimes in the past, he likely committed the charged crime." United States v. Smith, 181 F.Supp.2d 904, 910 (N.D. Ill. 2002).  In his Motion in Limine to Preclude Statements (d/e 14), however, Hearn has indicated that if he testifies he intends to disavow statements he made in a proffer to the Government and state that he gave a false proffer initially, thinking he would receive a lighter sentence.  The Government has stated that in his proffer Hearn indicated he had sold and possessed cocaine and

5

crack cocaine since 1997. Under these facts, Hearn's 1999 and 2003 drug convictions would impeach Hearn's testimony that his proffer was false. In light of these factors, the Court concludes that this fourth factor weighs in favor of admitting evidence of the drug convictions.

Finally, the Court must consider the centrality of Hearn's credibility. In the event Hearn testifies, his credibility will be key. While normally this would weigh against admission of the drug convictions, in this case it does not. The Defendant indicated that if he testifies he will state that he lied earlier to the Government. Fairness dictates that the Government be allowed to impeach his credibility with these prior convictions, in order that the jury will have a complete picture of the Defendant and his prior statements. In addition, any possible prejudice from the use of the prior drug convictions to impeach is removed by the Defendant's injection of the sentencing range into evidence. If he chooses to inform the jury of his potential sentence as a career offender, either side would be entitled to bring out that a career offender is one who had two prior felony drug convictions. The existence of these prior felony drug convictions is intertwined with the intended defense evidence. These convictions are admissible under Fed. R. Evid. 609.

Finally the Court turns its attention to Hearn's 2003 felony escape conviction.  As a prior felony, it is somewhat probative on the issue of credibility; however, it is not a <u>crimen falsi</u>.  The Court has already determined that two other prior felony convictions are admissible, which makes the 2003 felony escape conviction evidence cumulative.  Therefore, the first factor weighs in favor of exclusion.  The second factor weighs in favor of admissibility as the 2003 conviction is recent.  The third factor also weighs in favor of admissibility because the 2003 felony escape conviction is not similar to the instant charge of possession with intent to distribute five or more grams of a mixture or substance containing cocaine base.  The fourth and fifth factors weigh in favor of exclusion since this conviction has no independent relevance for impeaching Defendant's testimony. Considering all of the relevant factors, and noting the admissibility of Hearn's other prior convictions for impeachment, the Court finds that, on balance, the possible prejudice from admitting Hearn's 2003 felony escape conviction outweighs its probative value.  This conviction is inadmissible under Fed. R. Evid. 609, and the Government is barred from impeaching Hearn with any evidence of his 2003 escape conviction should he elect to testify at trial.

THEREFORE, for the reasons set forth above, Hearn's Motion in Limine to Exclude Evidence of Prior Convictions Pursuant to Fed. R. Evid. 609 (d/e 15) is ALLOWED, in part, and DENIED, in part.  Should Hearn elect to testify at trial, the Government is barred from impeaching him with any evidence of his 2003 escape conviction.  The Motion is denied in all other respects.

IT IS THEREFORE SO ORDERED.

ENTER:   August 3, 2006.

FOR THE COURT:

s/  Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE