IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-30040 |
| | ) | |
| ROBERT A. HEARN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant's Renewed Motion for Judgement [sic] of Acquittal Pursuant to Fed. R. Crim. P. 29(c) (d/e 44) and Defendant's Supplemental Renewed Motion for Judgement [sic] of Acquittal Pursuant to Fed. R. Crim. P. 29(c) (d/e 47) (Supplemental Renewed Motion).[1]  On May 5, 2006, Defendant Robert A. Hearn was charged in a one-count Indictment (d/e 1) with knowingly and intentionally possessing with the intent to distribute 5 or more grams of a mixture or

---

[1] The Court notes that Attorney Fultz, who filed an Entry of Appearance (d/e 49) on October 20, 2006, has indicated an intent to stand on the Motions filed by Defendant's prior counsel.  Notice of Intent to Stand on Defendant's Renewed Motion for Judgment of Acquittal (d/e 58).

1

substance containing cocaine base (crack), in violation of 21 U.S.C. § 841(a)(l) and (b)(1)(B). He was convicted of the charge following a jury trial. Jury Verdict (d/e 36). Defendant asserts that there was insufficient evidence in the record upon which a jury could find, beyond a reasonable doubt, that the substance he possessed was cocaine base (crack) as charged in the Indictment or that he possessed more than 5 grams of a mixture or substance containing cocaine base (crack). As set forth below, the Motions are denied.

As the Seventh Circuit has recently reiterated: "A party challenging the sufficiency of the evidence supporting a jury conviction faces a steep uphill battle." United States v. Romero, 469 F.3d 1139, 1151 (7th Cir. 2006) (internal quotations and citations omitted). In analyzing Defendant's Motions, the Court "must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (internal quotations and citations omitted).

The Court turns first to Defendant's assertion that there was insufficient evidence in the record upon which a jury could find beyond a reasonable doubt that he possessed a substance containing cocaine base

2

(crack) rather than some other form of cocaine base. As the Seventh Circuit noted in United States v. Edwards, "[a]ll crack is cocaine base but not all cocaine base is crack." Edwards, 397 F.3d 570, 571 (7th Cir. 2005). Hearn's statute of conviction provides for enhanced maximum sentences in cases involving "5 grams or more of a mixture or substance . . . which contains cocaine base." 21 U.S.C. § 841(b)(1)(B)(iii). The Seventh Circuit has determined that, for purposes of the enhanced penalties in 21 U.S.C. § 841(b), "cocaine base" means "crack cocaine" and not other forms of cocaine. Edwards, 397 F.3d at 572 (citing United States v. Booker, 70 F.3d 488, 489-90, 494 (7th Cir. 1995). The Seventh Circuit defines "crack" as "the street name for another form of freebase cocaine, produced by mixing cocaine hydrochloride with baking soda and water, boiling the mixture until only a solid substance is left, and allowing it to dry, resulting in a rocklike substance."[2]  Id. at 574.

---

[2]The Edwards court offered the following detailed explanation of the forms of cocaine and cocaine base:

> Cocaine in its natural state is a base; "cocaine" and "cocaine base" thus have the same chemical formula, . . . most cocaine imported into this country is first converted into cocaine hydrochloride (cocaine salt) . . . commonly referred to as powder cocaine.
>
> Powder cocaine can be converted back into base cocaine by a process that "frees" the base from the hydrochloride. Cocaine "freebase," popular in the

In the instant case, the jury was instructed that:

THE DEFENDANT IS CHARGED WITH ONE COUNT OF KNOWINGLY AND INTENTIONALLY POSSESSING AT LEAST FIVE GRAMS OF A MIXTURE OR SUBSTANCE CONTAINING COCAINE BASE ("CRACK") WITH THE INTENT TO DISTRIBUTE IT, WHICH INCLUDES THE LESSER INCLUDED OFFENSE OF POSSESSION OF COCAINE BASE (OTHER THAN CRACK) WITH THE INTENT TO DISTRIBUTE, AND THE LESSER INCLUDED OFFENSE OF POSSESSION OF COCAINE BASE. THE DEFENDANT HAS PLEADED NOT GUILTY TO ALL CHARGES.

Jury Instructions given to Jury (d/e 41), p. 8.  The jury was further instructed that, in order to sustain the charge set out in Count 1, the Government must prove, beyond a reasonable doubt "THAT THE DEFENDANT KNOWINGLY OR INTENTIONALLY POSSESSED 5 OR MORE GRAMS OF A MIXTURE OR SUBSTANCE CONTAINING COCAINE BASE ("CRACK")."  Id., p. 19.  Based on the Edwards case, the

---

1970s, is produced by mixing cocaine hydrochloride with ammonia and ether or another organic solvent. "Crack" is the street name for another form of freebase cocaine, produced by mixing cocaine hydrochloride with baking soda and water, boiling the mixture until only a solid substance is left, and allowing it to dry, resulting in a rocklike substance.  Smokable and therefore more potent than ordinary powder cocaine, crack rivals freebase cocaine in terms of its potency while avoiding the hazards of freebasing, which requires the use of flammable ether.  Freed of the hydrochloride, the cocaine returns to its base form-whether in the physical form of crack or otherwise-and is again chemically identical to "cocaine."

Edwards, 397 F.3d at 574 (internal citations omitted).

jury was also instructed that:

> COCAINE BASE ("CRACK") IS DEFINED AS A FORM OF COCAINE BASE, PRODUCED BY MIXING COCAINE HYDROCHLORIDE WITH BAKING SODA AND WATER, BOILING THE MIXTURE UNTIL ONLY A SOLID SUBSTANCE IS LEFT, AND ALLOWING IT TO DRY, RESULTING IN A ROCKLIKE SUBSTANCE.

as well as that "ALL CRACK IS COCAINE BASE BUT NOT ALL COCAINE BASE IS CRACK." Id., p. 24, 25.

The Seventh Circuit has recognized "that the government can prove a substance is crack [cocaine] by offering testimony from people familiar with the drug. Individuals familiar with crack cocaine and therefore able to identify it include veteran narcotics agents and forensic chemists." Romero, 469 F.3d at 1153 (internal quotations and citations omitted). In the instant case, the jury heard testimony on the issue from a drug chemist, and law enforcement personnel. Additionally, the jury was allowed to visibly inspect Government's Exhibit 1.

Government witness Kristin Stiefvater, who has been a drug chemist with the Illinois State Police for 11 years, testified that she tested Government Exhibit 1. She explained that the first thing she did was to open the exhibit and to perform a net weigh of the item, which she

5

explained to be the weight of the item itself without any of the packaging. Stiefvater stated that the net weight was 11.0 grams. <u>Transcript of Proceedings held August 15, 2006 (d/e 45) (Stiefvater Transcript)</u>, at 9. Stiefvater testified that she then performed several tests on the exhibit, including an infra-red spectrometry. Stiefvater explained that an infra-red spectrometry shows the difference between cocaine hydrochloride and cocaine base. <u>Id</u>. at 10. Stiefvater further testified that cocaine hydrochloride is commonly referred to as powder cocaine, and cocaine base is commonly referred to as rock or crack cocaine. <u>Id</u>. Stiefvater testified that, based on her tests, she reached the conclusion that "the 11.0 grams of off-white chunky substance contained cocaine base." <u>Id</u>. at 10-11.

On cross-examination, Stiefvater testified as follows: "Cocaine base is cocaine without the hydrochloride -- excuse me, without the hydrochloride present. Also commonly referred to as crack cocaine." <u>Stiefvater Transcript</u>, at 19-20. She explained that crack cocaine is "a slang term you might hear" and is not a term that was used in the lab. <u>Id</u>. at 20.

Officer Jason Wingerter, a four-year veteran of the Springfield Police Department, retrieved Government Exhibit 1 at the scene of Hearn's arrest. He testified that when he picked up the package, he noticed "what appeared

6

to be a large chunk of crack cocaine." <u>Transcript of Proceedings dated August 15, 2006 (d/e 59)</u>, p. 8.  Government witness Glenn Haas is a ten-year veteran special agent with the Drug Enforcement Agency (DEA).  Prior to joining the DEA, Haas gained several years of narcotics experience as a deputy with a county sheriff's department.  Haas testified that "Government Exhibit 1 appears to be a chunk of crack cocaine." <u>Transcript of Proceedings dated August 16, 2006 (d/e 46)</u>, p. 27.  Haas further testified that "a crack cocaine user is going to want to buy the crack cocaine.  He's not going to have both.  If he buys the powder cocaine, he is going to need to cook it into crack because that's what he wants to sell, but typically he purchases crack cocaine in and of itself." <u>Id</u>. at 29.  With respect to the weight of Government Exhibit 1, Haas stated "either it has been cooked and ready for sale and through the cooking process he has developed either more crack or less crack than he had original product, or some has been broken off or already sold." <u>Id</u>. at 30.

  Given the evidence set forth above, a rational jury could have concluded that the substance at issue, Government Exhibit 1, was cocaine base (crack) as defined in <u>Edwards</u>.  Hearn's request for a judgment of acquittal on this ground is denied.

Hearn further asserts that there was insufficient evidence to prove that the substance in question constituted 5 grams or more of a mixture or substance containing cocaine base (crack). Defendant asserts that Stiefvater admitted that she did not test the "rock but tested some tiny piece that was in the bag." Supplemental Renewed Motion, p. 2-3. Defendant mischaracterizes Stiefvater's testimony. Stiefvater explained that only a small sample of a substance is used in the infra-red spectrometer. On cross-examination, Stiefvater testified that she would have emptied Government Exhibit 1 out of the bag into a weigh boat to weigh it and then she would have just taken a sample randomly from the weight boat. Transcript of Proceedings held August 15, 2006, at 18. Stiefvater testified that she did not recall whether she "actually scraped some off of a piece or not" and agreed that it was "possible that the piece that [she] put into the machine was another piece in the bag." Id. Viewed in the light most favorable to the Government, a rational jury could have concluded beyond a reasonable doubt that Government Exhibit 1 constituted 5 grams or more of a mixture or substance containing cocaine base (crack). Hearn's request for a judgment of acquittal on this ground is denied.

THEREFORE, for the reasons set forth above, Defendant's Renewed

Motion for Judgement [sic] of Acquittal Pursuant to Fed. R. Crim. P. 29(c) (d/e 44) and Defendant's Supplemental Renewed Motion for Judgement [sic] of Acquittal Pursuant to Fed. R. Crim. P. 29(c) (d/e 47) are DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: January 8, 2007.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE