IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-30040 |
| | ) | |
| ROBERT A. HEARN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on March 16, 2007, for the sentencing hearing of Defendant Robert A. Hearn.  Defendant Hearn appeared in person and by his attorney Daniel L. Fultz.  The Government appeared by Assistant U.S. Attorney Patricia A. McInerney.  Defendant Hearn's jury trial began on August 15, 2006. On August 17, 2006, at the end of the trial, a jury found Defendant Hearn guilty of the charge of Possession with Intent to Distribute 5 or More Grams of a Mixture or Substance Containing Cocaine Base (Crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), as alleged in the Indictment (d/e 1).  The United States Probation Office prepared a Revised Presentence

1

Investigation Report (PSR), dated January 26, 2007.

The Government had no objections.

The Defendant objected to paragraphs 7 and 16 of the PSR. These paragraphs called for his offense level to be increased for obstruction of justice. These paragraphs state that Defendant Hearn obstructed justice because: (1) he testified falsely at his trial; and (2) attempted to escape from the Marshal's custody while he was detained awaiting sentencing after his trial. The Court heard and considered the evidence presented and the arguments of counsel, and overruled these objections for the reasons stated of record. The Court found that Defendant Hearn intentionally gave materially false testimony at his trial to obstruct justice, and that Defendant Hearn attempted to escape while he was being detained in the Marshal's custody in the Pike County, Illinois, jail.

The Defendant also objected to the constitutionality of the calculation of his advisory sentencing range under the Sentencing Guidelines because: (1) the method of calculating sentencing ranges for offenses involving crack cocaine violated his rights to due process and equal protection; and (2) the advisory sentencing range constituted cruel and unusual punishment because the range was grossly disproportionate to the punishment similarly

situated individuals received in state court and other federal districts. The Court overruled these objections for the reasons stated of record. The Seventh Circuit Court of Appeals has upheld the validity of the Guidelines' calculation of advisory sentencing ranges for convictions involving possession and distribution of crack cocaine. E.g., United States v. Gipson, 425 F.3d 335, 337 (7th Cir. 2005). This Court stated that it must follow the decisions of the Court of Appeals.

The Defendant had no additional objections to the PSR. The Court, therefore, adopted the findings of the PSR as its own. Accordingly, the Court found that Defendant Hearn had a final offense level of 37, and was in Criminal History Category VI, resulting in an advisory Guideline sentencing range of 360 months to life, in Zone D of the Guidelines. The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant Hearn's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of

3

counsel, and the statement of Defendant Hearn, the Court sentenced Defendant Robert A. Hearn to a term of 360 months imprisonment, to be followed by 8 years of supervised release, and imposed a $100.00 special assessment, which is due immediately. The Court determined that no fine should be imposed. The Court recommended to the Bureau of Prisons that Defendant Hearn be placed in a facility that has an intensive drug treatment program and that is as close to central Illinois as possible. The Court also recommended that the Bureau of Prisons evaluate Defendant Hearn for treatment for depression. The Court then informed Defendant Hearn of his appeal rights. Defendant Hearn asked the Court to direct the Clerk to file a notice of appeal on his behalf, and the Court directed the Clerk to file the notice.

IT IS THEREFORE SO ORDERED.

ENTER:   March 20, 2007.

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE