IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 3:06-cr-30040 |
| | ) |
| **ROBERT A. HEARN,** | ) |
| | ) |
| Defendant. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Defendant Robert Hearn has filed a Motion for Reconsideration (d/e 100). The motion asks the Court to reconsider the denial of Hearn's request for a sentence reduction (d/e 96). For the reasons below, the motion (d/e 100) is DENIED.

I.   **Background**

On March 16, 2007, Defendant Robert Hearn was sentenced for his crime of possessing 5 or more grams of crack with intent to distribute. Because Hearn qualified as a career offender, his

sentencing guideline range was 360 months on the low end and life imprisonment on the high end.  The sentencing judge sentenced Hearn to the low end: a 360-month term of imprisonment.

On April 14, 2015, Hearn filed a pleading that was docketed as a Motion to Reduce Sentence (d/e 96).  In the pleading, Hearn argued that he was eligible for a sentence reduction under Amendment 782 to the U.S. Sentencing Guidelines.  Amendment 782 retroactively reduced most drug quantity base offense levels by two levels, altering the sentencing guidelines range calculation for many criminal defendants and opening the door for their sentences to be reduced.  Hearn also asked the Court to appoint the Federal Public Defender's office to represent him.

The Court appointed George Taseff of the Federal Public Defender's office to represent Hearn.  The Federal Public Defender subsequently filed a Motion to Withdraw (d/e 97), on the ground that Hearn was not eligible for a sentence reduction under Amendment 782 because Hearn's sentencing guideline range was determined by the "career offender" guideline in U.S.S.G. § 4B1.1—not the drug-quantity guideline in U.S.S.G. § 2D1.1 that Amendment 782 lowered.

On June 11, 2015, the Court granted the Federal Public Defender's Motion to Withdraw. The Court directed Hearn to file, if he so chose, a pleading either (a) conceding that Amendment 782 does not apply to his sentence; or (b) explaining why Amendment 782 applies in spite of the fact that Hearn was found to be a career offender. (See June 11, 2015 text order.) The Court set July 10, 2015 as Hearn's deadline to file such a pleading.

After Hearn did not file a pleading in response to the Court's June 11, 2015 text order, the Court denied Hearn's motion to reduce sentence. (See September 10, 2015 text order.) The Court found that 18 U.S.C. § 3582(c)(2) authorized the Court to modify a sentence only by retroactively applying a guidelines range that has been reduced by amendment, and that, in Hearn's case, Amendment 782 did not change Hearn's guidelines range. Thus, the Court found that it was not authorized to modify Hearn's sentence. (Id.)

On September 22, 2015, Hearn filed a Motion for Reconsideration (d/e 100). Hearn explains that he did not understand the Court's text order and had "assumed that the matter was settled to no avail" (d/e 100 at 1). Perhaps now

realizing that the Court was giving him a chance to justify his request for a reduction, Hearn asks the Court to reconsider the denial of his request.

## II. Discussion

### A. The Court cannot reduce Hearn's sentence because Hearn's original sentence was not based on a sentencing range that has been lowered by the U.S. Sentencing Commission.

Under 18 U.S.C. § 3582(c)(2), a court may modify a defendant's prison sentence if: (1) the original sentence was "based on a sentencing range that has been subsequently lowered by the Sentencing Commission"; and (2) a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); see also United States v. Freeman, 586 Fed.Appx. 237, 238 (7th Cir. 2014).  The court cannot reduce a sentence if an amendment to the sentencing guidelines "does not have the effect of lowering the defendant's applicable guidelines range."  Freeman, 586 Fed.Appx. at 239 (citing U.S.S.G. § 1B1.10 cmt. nt. 1(A)).

As Hearn notes in his motion to reconsider, a court assessing a motion to reduce pursuant to an amendment to the sentencing

guidelines must determine the guideline range that would have applied to the defendant if the amendment had been in effect at the time of the original sentence. See Dillon v. United States, 560 U.S. 817, 827 (2010). Here, Hearn's sentencing guideline range—360 months on the low end, life imprisonment on the high end—would not have been different if Amendment 782 had been in effect at the time of Hearn's sentencing. The 360-months-to-life guideline range was established by Hearn's offense level of 37 and his criminal history category of VI. Hearn's offense level of 37 was established by his status as a career offender under U.S.S.G. § 4B1.1, not by the drug-quantity tables in U.S.S.G. § 2D1.1 that Amendment 782 lowered. Because Hearn's career offender status—not the drug-quantity tables—determined his offense level and, consequently, his sentencing guideline range, Section 3582(c)(2) does not authorize the Court to reduce Hearn's sentence.

Indeed, courts in the Seventh Circuit have uniformly found that Amendment 782 does not provide for sentence reductions for defendants, like Hearn, who were sentenced as "career offenders." See, e.g., United States v. Williams, No 04 CR 12, 2015 U.S. Dist. LEXIS 46289, *4-5 (N.D. Ill. Apr. 9, 2015) (denying, because

defendant was sentenced as career offender, motion to modify term of imprisonment under Amendment 782); United States v. Daniels, No. 08-CR-30185, 2015 U.S. Dist. LEXIS 35393, *4 (S.D. Ill. Mar. 16, 2015) ("Because Defendant … was sentenced as a career offender, his offense level and guideline range were based on U.S.S.G. § 4B1.1(b), not § 2D1.1(c).  As a result, his guideline range does not change under Amendment 782, and a sentence reduction under § 3582(c)(2) is not authorized."); United States v. Perry, No. 06 CR 963, 2015 U.S. Dist. LEXIS 113633 (N.D. Ill. Aug. 27, 2015) ("To be eligible for a sentence reduction under Amendment 782, Defendant must have been sentenced based on an offense level determined by the § 2D1.1 Drug Quantity Table.  Defendant was not.  While Defendant's distribution count had a base offense level of 30 based on the Drug Quantity Table, Defendant was not sentenced pursuant to that base offense level.  Instead, Defendant was sentenced as a career offender under Guidelines § 4B1.1, where his base offense level was 37.  Sentences made pursuant to Guidelines § 4B1.1 are not eligible for a reduction under Amendment 782."); United States v. James, No. 07-cr-40006, 2015 U.S. Dist. LEXIS 21797, *3 (S.D. Ill. Feb. 24, 2015) ("Although

Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on his career offender base offense level set forth in U.S.S.G. § 4B1.1, not the base offense level set forth in U.S.S.G. § 2D1.1. Thus, his offense level and his guideline range has not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction."); accord United States v. Griffin, 652 F.3d 793, 803 (7th Cir. 2011) ("Because the amendments [to the crack cocaine guidelines] leave the career-offender guidelines unchanged and [defendant's] offense level of 37 and criminal-history category of VI were based on that guideline … the amendments do not affect [defendant's] applicable guidelines range of 360 months to life. Accordingly, [defendant] was not sentenced 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' 18 U.S.C. § 3582(c)(2), and he will not be eligible for a reduction under 3582(c)(2) when the amendments become retroactive."). This Court finds no reason to depart from this well-reasoned precedent.

### B. Unambiguous statutory language and precedent preclude Hearn's argument that he should receive a sentence reduction.

Hearn's central argument is that the current maximum statutory sentence for his offense is lower than the minimum statutory sentence that was in place when he was sentenced. (See d/e 100 at 6 ("[I]f defendant were sentenced to[day] to 360 [months] … his sentence would be <u>in violation of the law</u> because the maximum of his statutory sentence [if he were sentenced today] is lower than the minimum statutory sentence [that] he was sentenced under.") (emphasis in original).)

Although Hearn describes the issue in terms of statutory minimums and maximums, the numbers he refers to are guidelines range calculations. Hearn was sentenced to 360 months—the low end of his guidelines range. Hearn says that, if he were sentenced <u>today</u>, his guidelines range would be 262-327 months—the high end of which is lower than the 360-month sentence he received. (<u>Id</u>.) Hearn argues that, since the Court sentenced him to the low end of his guidelines range in 2007, the Court should reduce his sentence to the low end of the guidelines range that would apply to him today: 262 months. (<u>Id</u>. at 8.)

Hearn arrives at these numbers because, when a defendant qualifies as a career offender, the defendant's statutory maximum sentence determines his "career offender" offense level. See U.S.S.G. § 4B1.1. Hearn argues that, because the statutory maximum sentence for his crime is lower today than it was when he was sentenced, his offense level—and consequently his guidelines range—would be lower if he were sentenced today, and that he should therefore receive a corresponding sentence reduction.

Hearn's argument presents a certain logic: if a defendant in Hearn's situation sentenced today would have a guidelines range of 262-327 months, why should Hearn suffer a sentence of 360 months? But the Court has no inherent authority to grant requests for sentence reductions; statutory authorization from Congress is required. Although motions to reconsider criminal sentences were once "generally accepted as a common-law practice," Congress "long ago abrogated this common-law practice in the sentencing context." United States v. Townsend, 762 F.3d 641, 645 (7th Cir. 2014).

Congress has authorized the Court to reduce a sentence if the defendant was sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the

Sentencing Commission." 18 U.S.C. § 3582(c)(2).  As the plain language of Section 3582(c)(2) indicates, the provision "applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission." Dillon v. United States, 560 U.S. 817, 825-26 (2010). Here, Hearn's sentencing range was based on U.S.S.G. § 4B1.1's career offender guideline.  Because that range has not been lowered by the Sentencing Commission, Hearn is not eligible for a sentence reduction under Section 3582(c)(2).

### C. The cases Hearn cites do not support a sentence reduction.

Hearn cites two cases in which, he says, a career offender received a reduction based on an amendment to the sentencing guidelines.  However, the cases do not justify or support a sentence reduction in Hearn's circumstance.

#### 1. Almanzar

Hearn argues that United States v. Almanzar demonstrates that a career offender may receive a sentence reduction pursuant to an amendment to the drug-quantity guidelines.  See No. 05-CR-623, 2014 U.S. Dist. LEXIS 101269 (E.D.N.Y. July 24, 2014).  In

Almanzar, the district court denied the defendant's request for a sentence reduction under Amendment 750—an earlier amendment that reduced drug-quantity base offense levels—because the court found that the defendant would pose a risk to the community if released.  However, Almanzar does appear on its face to lend some credence to Hearn's argument, as both the district court and, on appeal, the Second Circuit appear to have considered the defendant eligible for a reduction under Amendment 750 despite his career offender status.  See id. at *3 ("Probation determined that, because [defendant] had two prior felony convictions for crimes of violence, he qualified as a 'career offender'"); United States v. Almanzar, 618 Fed. Appx. 9, 9 (2d Cir. 2015) ("As the district court recognized, Almanzar was eligible for a sentence reduction under § 3582(c)(2) because Amendment 750 of the Sentencing Guidelines reduced the base offense level for crack cocaine offenses …"); contra United States v. Leonardo, 529 Fed.Appx. 75, 78 (2d Cir. 2013) ("Although Amendment 750 reduced the base offense levels for crack cocaine offenses, it made no such reduction to the career offender enhancements set forth in § 4B1.1.  As a career offender, [the defendant] is ineligible for § 3582(c)(2) relief.").

A review of the sentencing transcript leaves no question that the sentencing court in Almanzar sentenced the defendant as a career offender.  See Transcript of Record at 31, United States v. Almanzar, No. 05-CR-623 (E.D.N.Y. Feb. 1, 2008) (No. 177) ("I see no basis for finding that Mr. Almanzar's designation as a career offender is overstated and, so, that's the finding of the Court."). Having found the defendant to be a career offender, the court then reduced the defendant's offense level by two points—from 37 to 35—for the defendant's participation in a global plea disposition. Id. ("I do agree [that] ultimately it should be a total offense level of 35 giving the defendant the minus two points for the global disposition …").  With a total offense level of 35, the defendant faced a sentencing guideline range of 292-to-365 months in prison.  Id. The court imposed a sentence within that range: a term of 300 months in prison.  Id. at 48; see also Almanzar, 2014 U.S. Dist. LEXIS 101269 at *3.

The Almanzar defendant later filed a motion to reduce his sentence under Amendment 750.  Motion for Retroactive Application of Sentencing Guidelines, United States v. Almanzar, No. 05-CR-623 (E.D.N.Y. Apr. 8, 2013) (No. 238).  The Government

responded that it did not oppose a reduction and that the Court had discretionary authority to reduce the defendant's sentence to a term of imprisonment of not less than 235 months.  The Government argued that, under Amendment 750, the defendant's drug-quantity base offense level would be 34 as opposed to 38. Response to Motion at 4, United States v. Almanzar, No. 05-CR-623 (E.D.N.Y. June 10, 2013) (No. 242).  And with a 4-level enhancement for the defendant's leadership role, a 3-level reduction for acceptance of responsibility, and a 2-level reduction for the global plea, the defendant's total offense level under Amendment 750 would be 33—resulting in a guideline range of 235-to-293 months.  Id.

The Almanzar court accepted the Government's argument and found that under Amendment 750 the defendant's base offense level was 34.  Almanzar, 2014 U.S. Dist. LEXIS 101269 at *8.  With a total offense level of 33 after the various enhancements and reductions, the court calculated the defendant's guideline range under Amendment 750 as 235-to-293 months in prison.  Id.  As mentioned, however, the court ultimately denied the reduction based on the totality of the circumstances.  Id. at *9.

To the extent that the Almanzar cases may be read to imply that a career offender may receive a sentence reduction based on amendments to the drug-quantity guidelines, explicit Seventh Circuit precedent would preclude such an outcome for a defendant identical to the defendant in Almanzar.  First, the Almanzar defendant's guideline range at sentencing was determined not by the drug-quantity guidelines, but by his career offender status.  For the reasons described at length in this opinion, such a defendant is not eligible for a sentence reduction under an amendment to the drug-quantity guidelines.  Second, even if the Almanzar defendant's guideline range had been based on the drug-quantity guidelines, such a defendant's sentence could not be reduced below the guideline range established by his career offender status.  See United States v. Stevenson, 749 F.3d 667, 670 (7th Cir. 2014) ("Where a defendant's conduct-based offense level exceeds the career offender guideline … and the defendant is sentenced based on this higher offense level, his sentence cannot later be reduced below the career offender level …"); United States v. Hubbard, 508 Fed.Appx. 561, 562 (7th Cir. 2013) (reducing defendant's sentence to low end of guideline range established by defendant's career-

offender offense level of 34 and noting that, while Amendment 750 reduced defendant's drug-quantity offense level from 35 to 31, it "did not affect the calculation of his career-offender enhanced offense level of 34").  Under Amendment 750, the Almanzar defendant's recalculated total offense level based on the drug quantity guidelines was 33—lower than the total offense level of 35 that was based on the career-offender guidelines and had determined his sentencing range.  So, even if an otherwise-identical defendant had been sentenced based on a sentencing range determined by a drug-quantity offense level higher than 35, that defendant's sentence could not properly be reduced to a term lower than the low end of his career-offender guideline range.  The low end of the Almanzar defendant's career-offender guideline range was 292 months.  Thus, even if such a defendant had been sentenced based on a drug-quantity guideline range, his sentence could not properly be reduced below 292 months.

    Hearn, as explained elsewhere in this opinion, was sentenced based on a guideline range determined by his career offender status.  And even if Hearn had been sentenced based on a range determined by the drug-quantity guidelines, his sentence could not

be reduced below 360 months—the low end of his career-offender guideline range, and the sentence he in fact received. Almanzar does not authorize or justify a sentence reduction for Hearn.

### 2. Mitchell

Hearn also cites United States v. Mitchell, No. CR-09-108, 2012 U.S. Dist. LEXIS 165544 (E.D. Okla. Nov. 19, 2012). There, the court did grant a sentence reduction for a defendant who was a career offender. The court recognized that the defendant's guidelines range had been based on his status as a career offender under U.S.S.G. § 4B1.1(b)(2), and thus the range was "not affected by the amendments regarding crack cocaine." Id. at *4 n.5. Nonetheless, the court found that this did not bar a sentence reduction, as the career offender offense level "is determined by the maximum statutory penalty, which has also changed, the new penalty being made retroactive to this defendant by Dorsey." Id. (citing Dorsey v. United States, 132 S.Ct. 2321 (2012)).

In Dorsey, the Supreme Court held that Congress intended the Fair Sentencing Act's more lenient drug penalties to apply to offenders whose crimes preceded August 3, 2010, but who were sentenced after that date. 132 S.Ct. at 2331. The defendant in

Mitchell was indicted on December 9, 2009, and sentenced on April 14, 2011.  2012 U.S. Dist. LEXIS 165544 at *2.  Thus, his crimes preceded the Fair Sentencing Act's August 3, 2010's effective date, but he was sentenced after that date.

Unlike the defendant in Mitchell, Hearn was sentenced years before the Fair Sentencing Act took effect.  Neither Dorsey nor Mitchell authorizes or justifies a sentence reduction for Hearn.

### III.  Conclusion

Congress has authorized the Court to reduce a defendant's sentence if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Hearn's sentencing range was established by the career offender guideline found in U.S.S.G. § 4B1.1.  Because Amendment 782 did not change the career offender guideline, Hearn is not eligible for a sentence reduction.  The Court DENIES Hearn's Motion to Reconsider (d/e 100).

ENTERED:  February 5, 2016

FOR THE COURT:            s/ Sue E. Myerscough
                          SUE E. MYERSCOUGH
                       UNITED STATES DISTRICT JUDGE